**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10229 |
| Plaintiff-Appellant, | D.C. No.<br>2:16-cr-00140-RFB-1 |
| v. | |
| CHANDAN MANANSINGH, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted April 12, 2018[**]
San Francisco, California

Before:  THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and OLGUIN, [***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Fernando M. Olguin, United States District Judge for the Central District of California, sitting by designation.

The government appeals the district court's grant of Chandan Manansingh's motion to suppress. We affirm.

Having reviewed the record, we conclude that the district court's findings with respect to potential violations of Manansingh's supervised release conditions are supported by the hearing testimony and are permissible inferences drawn from that testimony. Specifically, the district court's findings regarding Manansingh's use of his girlfriend's BMW, financial status, alternate sources of income, ability to pay a court-imposed fine, and living situation are not clearly erroneous. *See United States v. Burgos-Ortega*, 777 F.3d 1047, 1056 (9th Cir. 2015) (A factual "finding is clearly erroneous if it is illogical, implausible, or without support in the record." (quoting *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010))).

The district court also did not err in finding that the Probation Department ("Probation") lacked reasonable suspicion to conduct a search of Manansingh's residence. *See United States v. Hernandez-Alvarado*, 891 F.2d 1414, 1416 (9th Cir. 1989). The factors Probation relied on – Manansingh's operation of the BMW, his residence in a luxury apartment building, his finances and alleged failure to submit reports or otherwise disclose information to Probation, as well as his possession of vials of an unknown substance seven months prior to the search and positive steroid tests that were not linked to the relevant time period – merit little or no weight individually, and added together, are insufficient to justify the search. *See United*

2

*States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000) ("Reasonable suspicion is formed by 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person . . . is engaged in criminal activity.'" (quoting *United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir. 1996))). As the evidentiary hearing testimony showed, Probation's asserted grounds for reasonable suspicion were undermined by repeated confirmations that Manansingh was being truthful and had not demonstrably violated a condition of supervision. *See United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc) (Although reasonable suspicion standard "is not a particularly high threshold to reach . . . 'a mere hunch is insufficient . . . .'" (quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002))); *United States v. Sigmond-Ballesteros*, 285 F.3d 1117, 1121 (9th Cir. 2002) (requiring a "particularized and objective basis" for suspecting legal wrongdoing).

**AFFIRMED.**